USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-9-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

T.J. JESKY, ESQ. and
MARK DESTEFANO,

Defendants.

18 Civ. 5980 (JFK)

ECF CASE

## FINAL JUDGMENT AS TO DEFENDANT MARK DESTEFANO

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Mark DeStefano ("Defendant") having waived service of a summons and the Complaint in this action; entered a general appearance; consented to the Court's jurisdiction over Defendant and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(i) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(ii)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $702,273.00, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty of $96,200.00 pursuant to Section 20(d) of the Securities Act of 1933. [15 U.S.C. § 77t(d)].   Defendant shall satisfy these obligations by paying $798,473.00 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

By making this payment, either directly or through the transfer of funds from his brokerage account referenced below, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The

Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Charles Schwab and Company, Inc. ("Broker") shall transfer $798,473.00 from DeStefano's brokerage ending in account number – 4163 to the Commission.  Defendant will be given credit for such payment in connection with the disgorgement and penalty hereby ordered.

Broker may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Broker also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying DeStefano as the Defendant and specifying that payment is made pursuant to this Final Judgment.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant's

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the Complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 9 , 2018

John F. Keenan
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>- against -<br><br>T.J. JESKY, ESQ. and<br>MARK DESTEFANO,<br><br>                                    Defendants. | 18 Civ. 5980<br><br>ECF CASE |

## CONSENT OF DEFENDANT MARK DESTEFANO

1.      Defendant Mark DeStefano ("Defendant") waives service of a summons and the complaint ("Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 11) and except as to personal and subject matter jurisdiction, which Defendant admits, Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   a)      permanently restrains and enjoins Defendant from violation of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)];

   b)      orders Defendant to pay disgorgement in the amount of $702,273.00;

   c)      orders Defendant to pay a civil penalty in the amount of 96,200.00; and

   d)      orders that within 3 days after being served with a copy of the Final Judgment Charles Schwab and Company, Inc. ("Broker") shall transfer the sum of

1

$798,473.00 from the brokerage account of Defendant ending in -4163 to the Commission. Defendant will be given credit for the transfer of such amount in connection with the disgorgment and penalty ordered herein. Broker may transmit payment electronically to the Commission, which will provide detailed ACH transfer/ Fedwire instructions upon request. Broker also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commsision, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to the Final Judgment as to Defendant DeStefano.

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

2

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. The settlement will be limited to the Defendants only, and will be further limited to the Defendants' offers and sales of the 33,000 shares of UBIA Class A common stock issued to Jesky on or about October 2, 2017 and the 39,000 shares of UBIA Class A common stock issued to DeStefano on or about October 2, 2017 (the 'covered

3

conduct'); and will not prevent the Commission from investigating and/or filing charges against any other person or entity and will not prevent the Commission from investigating and/or filing charges against the Defendants arising out of any conduct other than the covered conduct. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant

agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.   Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 6/11/18

_____
Mark DeStefano

On June 11, 2018, Mark DeStefano, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 6/26/20

Approved as to form:

_____
Brian A. Lebrecht
Clyde Snow
201 South Main Street, Suite 1300
Salt Lake City, UT 84111
Attorney for Defendant

JANET ARTIS
Notary Public State of Nevada
No. 08-7211-1
My Appt. Exp. June 26, 2020

6